## CHUNG WA *vs.* SING KWONG WO CO.

### ASSUMPSIT.   BEFORE McCULLY, J.

### DECEMBER, 1884.

New partners, taken into a firm after the making of a note by the firm, held not to be liable on the note, there being no proof of a new promise by them to pay it.

### DECISION OF McCULLY, J.

The plaintiff claims upon a note for $50, money loaned the defendant in March, 1883. The controversy concerns the liability of a partner named Goo Yuk, who has come into the firm since the note was given, under circumstances and facts, as I find them, as follows:

The firm or "company" as the Chinese style it, was originally constituted of Ying Kwai and Alaiu and two others (who appear to have dropped from the company in some way not explained in the testimony), dealing in Chinese groceries. They were doing a business large in proportion to their capital. About August, 1883, Ying Kwai, as he delicately expresses it in his own testimony, got into trouble about opium and was absent from the store for six months, *i.e.*, he served a six months' term of imprisonment for illicit dealing in opium. The firm was insolvent at this time. At a meeting of creditors it was agreed that the creditors signing would cut down their claims to fifty per cent on condition that Goo Yuk would become responsible for the payment. This liability extended to and was limited to all debts according to the books of the company, and all notes which should be endorsed by Goo Yuk. Chung Wa did not place his claim nor join in the agreement upon which Goo Yuk undertook his liability. Goo Yuk had previously paid into the firm $1000 "as capital," and also remitted to Hong Kong $1000 for goods "as a loan" in contemplation of entering the firm.

In pursuance of the arrangement of composition with the

creditors, Goo Yuk paid over $11,000, of which the larger part was receipts from outstanding accounts, but made up the balance by his own funds.

The plaintiff's note is not endorsed by him nor was it entered in the books. The plaintiff's testimony is that Goo Yuk promised him to pay it several times when demand was made. Goo Yuk's testimony is to the contrary. I take the latter to be true as more consistent with the whole arrangement of the affairs of this concern. The plaintiff appears by something said in testimony, but not fully elucidated, to have considered that his note for cash loaned had some preference and stood upon another footing from the general claim of creditors, because it was made under the auspices of some "loan company."

On the above finding of facts the law seems to be clear that Goo Yuk and the other new members of the firm are not liable to the plaintiff. The presumption of law that they are not has not been removed by proof of the contrary intention and agreement.

To charge the firm it should be established that a new promise has been made by the entire new firm with the consent of the old partners as well as of the creditor, which will constitute novation of the debt. Story on Part. Sec., 153.

There is no proof of any consideration moving from the plaintiff, no forbearance, but a careful exclusion by the plaintiff from all the considerations moving the defendants to assume liability. The mere circumstance of a new partner coming into the firm is not of itself a ground for inference that he has assumed liability for the old debts. Parsons on Partnership, p. 433; *Saville vs. Robertson,* 4 T. R., 720.

This case, being on a note for money loaned, forming a detached transaction, is a clear one for the application of the rule of non-liability of incoming partners, for it forms no part of a running account, and moreover has not been entered in the firm's books.

My judgment is for the defendants, in the form of non-suit for

misjoinder of the new partners and non-joinder of the partners who made the note.

*F. M. Hatch,* for plaintiff.

*W. R. Castle,* for defendants.

Honolulu, December 23d, 1884.